IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER HARRIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-14-1153-R |
| ) | |
| J. WEIR, SHERIFF, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner claims that he is a federal prisoner, appearing pro se and *in forma pauperis*, seeking a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner alleges that he is now detained at the Grady County Criminal Justice Center, but is in transit to the USP-McCreary in Pine Knot, Kentucky. ECF No. 16, 17. As Respondent, Petitioner names the Sheriff of Grady County.

The nature of the relief sought by Petitioner is evolving—which is not surprising considering the ten motions he has filed since instituting this litigation. Petitioner has also filed a second petition, supplemental brief, and supplemental claim. To the extent it can be discerned, it appears that Petitioner wants this Court to "release the Order to Notify the U.S. Attorney's Office of any Change of Name, Address, or Residence, Forthwith." Petition, 5 (ECF No. 1:5). Petitioner claims that earlier this year he attempted to satisfy a $4,000,000.00 fine by submitting a promissory note, relieving him of any obligation to keep the U.S. Attorney apprised of his whereabouts. ECF No. 1:3. He makes reference to the Uniform Commercial Code's law regarding negotiable

instruments, claiming that the promissory note must be accepted as payment thereunder. In his "supplemental brief," Petitioner claims that a "new law" went into effect on November 3, 2014, that will affect the "current calculation" of his sentence. Upon preliminary review of the petition, the undersigned finds as follows:

1. Although required to do so under 28 U.S.C. § 2242, Petitioner does not state under what authority the Respondent holds him, and as Petitioner admits that he is a federal prisoner in transit that authority is unclear;

2. The Grady County Criminal Justice Center does not show Petitioner as an inmate in that facility as of the date of this Report and Recommendation, also leading to the question as to whether he has now been moved or was being detained there by the authority of unnamed federal officials;

3. The original relief Petitioner seeks has one defining attribute—he wants this Court to amend an order entered by another federal court, the United States District Court for the Southern District of Indiana. Petitioner characterizes his action as one challenging the execution of his sentence, but concedes that he has not sought any administrative remedies;

5. Petitioner has brought similar issues before the court presiding over his federal criminal case, and has been denied relief. *United States v. Harris*, Case No. 1:98-cr-SEB-KPF-3 (S.D. Ind. June 19, 2012) (ECF No. 86).

In light of the above, it is recommended that this action be dismissed without prejudice. Petitioner has either been released from the custody of Respondent, or is and

has been under the legal custody of the United States during his stay at the Grady County Criminal Justice System, he has failed to name the proper respondent.

He also attempts to challenge the execution of his sentence without having exhausted administrative remedies through the BOP. As the Tenth Circuit has held:

> By statute, responsibility for the computation of the service of a sentence is an administrative responsibility conferred upon the attorney general acting through the Bureau of Prisons. 18 U.S.C. § 3568. For this reason, and because the agency is in a superior position to investigate the facts, judicial intervention is usually deferred until administrative remedies have been exhausted. *Smoake v. Willingham,* 359 F.2d 386 (10th Cir. 1966); *United States v. Steel,* 400 F.Supp. 39 (E.D. Okla. 1975).

*Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986); *accord Eldridge v. Berkebile,* 526 F. App'x 897, 899 (10th Cir. 2013).

The many unanswered questions as to the nature of Petitioner's action—and where it should be properly brought—make it imprudent to transfer the case to the United States District Court for the Southern District of Indiana or to the United States District Court that would handle matters filed by federal prisoners in USP-McCreary. Therefore dismissal without prejudice rather than transfer is in the interest of justice.

### RECOMMENDATION

In light of the foregoing, it is recommended that this case be **DISMISSED WITHOUT PREJUDICE.** In light of the recommendation herein, Petitioner's Motions, **ECF Nos. 5, 6, 9, 11, 13, 14, 15, 17, 18 and 19** should be **DENIED** as **MOOT**. Petitioner is advised of his right to file specific written objections to this Report and

Recommendation. 28 U.S.C. § 636; Fed. R. Civ. P. 72. Any such objections must be filed with Clerk of the District Court by **December 12, 2014**. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

This Report and Recommendation **DISPOSES OF ALL ISSUES** referred to the undersigned Magistrate Judge in this matter.

**ENTERED** on November 25, 2014.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE