# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER HARRIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-14-1153-R |
| | ) |
| J. WEIR, SHERIFF, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge Shon T. Erwin entered November 25, 2014. Doc. No. 21. Petitioner has filed an Objection to the Magistrate Judge's conclusions in the Report and Recommendation. Doc. Nos. 23-24. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation *de novo* in light of Petitioner's objections.

## Standard

The Court construes Petitioner's filings liberally because he is a pro se litigant. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This means that "if the court can reasonably read the pleadings to state a valid claim on which the [petitioner] could prevail, it should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* (footnote omitted). But the Court will not "assume the role of advocate for the pro se litigant." *Id.*

## Background

The Court takes judicial notice of the records of the U.S. District Court for the Southern District of Indiana. Petitioner pled guilty to conspiracy to possess with intent to distribute cocaine and cocaine base in that Court in 1999. *United States v. Harris*, 98-CR-121-003 (S.D. Ind. Nov. 1, 1999). He received a sentence of 300 months imprisonment, five years of supervised release, a $2,000 fine, and a $100 assessment. *Id.* Petitioner alleges that he was also assessed a $4 million penalty, and ordered to notify the U.S. Attorney's office of any change of name, address, or residency until he pays that fine in full. Doc. No. 1, at 1, 3. Further, Petitioner alleges that on January 2, 2014, he provided the U.S. Attorney with a promissory note as payment for the $4,000,000 penalty, and thus asks the Court to "discharge the $4,000,000 penalty," and to "release the order to notify the U.S. Attorney's Office of any change of name, address or residence." Doc. No. 1, at 2-3.

In support of his claims, Petitioner cites various provisions from the Uniform Commercial Code, with particular attention placed on Article 3's provisions on Negotiable Instruments, as well as a few references to 31 U.S.C. § 5118 on "gold clauses and consent to sue," and the Due Process and Equal Protection Clauses of the U.S. Constitution. *See, e.g.*, Doc. No. 12, at 2; Doc. No. 13, at 1-2; Doc. No. 20, at 2. Petitioner has filed numerous motions in this Court, as well as other courts around the

country.¹ In this Court, he first filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Doc. No. 8.

## Analysis

Although the U.S. District Court for the Southern District of Indiana did order Petitioner to notify the U.S. Attorney for that District of any change of name, residency, or mailing address until all fines are paid in full, it did not order him to pay a $4 million fine. *See* Harris, 98-CR-121-003. It ordered him to pay only a $2,000 fine and a $100 assessment. *Id.* In his Motion for Judgment as a Matter of Law Under Rule 50 and his Motion to Alter or Amend the Judgment, Petitioner states that the $4 million penalty was "implied" in the Court's Judgment. Doc. No. 5, at 2; Doc. No. 11, at 1. The Court must dismiss a case that it finds to be frivolous. 28 U.S.C. § 1915(e)(2)(B)(i) (West). Because Petitioner was not actually fined $4 million, his claims regarding delivery of a promissory note to satisfy this fine are frivolous.² The Court declines to provide Petitioner with an opportunity to amend his Petition, as such amendment would be futile.

## Petitioner's Objections

Most of Petitioner's objections to the Report and Recommendation are moot because his claims are frivolous. These include his objection to the Magistrate Judge's

---

[1] *See Harris v. Barie*, No. 1:13-22649, 2014 WL 4629381, at *1 (S.D. W. Va. Sept. 15, 2014) (describing Petitioner as "a notoriously prolific filer," and relying on the Magistrate Judge's account of his "lengthy litigation history").

[2] In two unpublished decisions, the Tenth Circuit found that similar claims from Petitioner were legally frivolous. *Harris v. Kammerzell*, 440 F. App'x 627, 629 (10th Cir. 2011) (unpublished) ("It is patent that Mr. Harris's complaint averments—through which he attempts to effect his release from prison under principles of contract and/or commercial law—are legally frivolous."); *Harris v. Wands*, 410 F. App'x 145, 147 (10th Cir. 2011) (unpublished) ("Mr. Harris's use of commercial law theories based on the U.C.C. to attack the execution of his criminal sentence simply has no foundation in our laws.").

conclusion that he did not state under what authority the Respondent holds him by referring the Court to his request to amend the petition, Doc. No. 23, at 1-2; evidence that he is being held at Grady County Criminal Justice Center, *id.* at 2, Ex. B; his claim that this is his first time bringing an action to amend the Indiana Court's Order under 28 U.S.C. § 1355(a), Doc. No. 23, at 3, in response to the Magistrate Judge's conclusion that "Petitioner has brought similar issues before the court presiding over his federal criminal case, and has been denied relief," Doc. No. 21, at 2; and his objection that "there is no appropriate administrative remedy through the BOP for releasing the Court's Order," *id.* at 4, in response to the Magistrate Judge's conclusion that Petitioner has not sought administrative relief, Doc. No. 21, at 2.

The Magistrate Judge recommends dismissing this action instead of transferring it to the U.S. District Court for the Southern District of Indiana, or to the Court that handles matters filed by federal prisoners in USP-McCreary, the prison where Petitioner either currently resides or will reside. Doc. No. 21, at 3; Doc. No. 17, at 1. Petitioner argues that the Court should transfer this case to the Court that would handle matters filed by prisoners in USP-McCreary. Doc. No. 23, at 6. Because Petitioner's claims lack merit, the appropriate remedy is dismissal rather than transfer. *See* 28 U.S.C. § 1915(e)(2)(B)(i) (West); *Johnson v. Lappin*, 478 F. App'x 487, 492 (10th Cir. 2012) (unpublished) ("There is no obligation to keep meritless claims alive through transfer to another court." (citation omitted)).

**Conclusion**

In accordance with the foregoing, the recommendation of the Magistrate Judge [Doc. No. 21] is ADOPTED for reasons other than those provided in the Report and Recommendation. Mr. Harris' Petition [Doc. No. 8] is DISMISSED. Petitioner is instructed that any future frivolous filings may result in the Court imposing filing restrictions. *See Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) ("Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." (citations omitted)). All other motions filed by Petitioner are DENIED as moot.[3]

IT IS SO ORDERED this 16th day of December, 2014.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[3] *See* Doc. No. 5 (Motion for Judgment as a Matter of Law Under Rule 50); Doc. No. 6 (Petitioner's Addendum to His 28 U.S.C. § 2241 Petition); Doc. No. 9 (Request for Issuance of Writ Pursuant to 28 U.S.C. § 2243); Doc. No. 11 (Motion to Alter or Amend Judgment in Order to Prevent a Manifest Injustice); Doc. No. 13 (Motion for Declaration of Rights); Doc. No. 15 (Motion to Show Cause Why Transfer While a Habeas Corpus Is Pending, Pursuant to Habeas Rule 23, Is Necessary); Doc. No. 17 (Motion to Strike Change of Address); Doc. No. 18 (Request for a Perpetual Injunction Under Rule 65); Doc. No. 19 (Request for Documentation Under Rule 34); Doc. No. 25 (Request to Amend the Petition Under Rule 15(a)). Regarding Petitioner's claim that he is entitled to immediate release or a sentence reduction [Doc. No. 12], and his Request for an Evidentiary Hearing [Doc. No. 14], a Perpetual Injunction Under Rule 65 [Doc. No. 18], and his Request for Documentation Under Rule 34 [Doc. No. 19] concerning this issue, Petitioner may file a motion to reduce his sentence pursuant to Amendment 782 to the U.S. Sentencing Commission Guidelines Manual in the District where he was sentenced, the Southern District of Indiana.